UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven Corbin,
    Plaintiff

Case No. C-1-08-781

vs

Jhon Wayne Brown, et. al.,
    Defendants

**REPORT AND RECOMMENDATION**
(Spiegel, J.; Hogan, M.J.)

This matter is before the Court on cross motions for summary judgment (Docs. 23, 26), and Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 25).

## BACKGROUND

Plaintiff initiated this action on November 5, 2008, while incarcerated at the London Correctional Institution in London, Ohio. (Doc. 1). Plaintiff's Complaint was dismissed with prejudice on December 30, 2008, but was later re-opened on March 2, 2009. (Docs. 4, 11, 12). At that time, the Court dismissed all of Plaintiff's claims against Defendants, with the exception of Plaintiff's claims against Defendants Janice Jones and Fred Shuemake for false arrest and false imprisonment under the Fourth and Fourteenth Amendments. (Doc. 12).

Plaintiff's Verified Complaint[1] alleges that Defendants wrongfully arrested him and restrained his liberty in violation of his Fourteenth Amendment rights under the U.S. Constitution. (Doc. 1, First Cause of Action). He seeks compensatory damages in the amount of $75,000 and punitive damages in the amount of $225,000. (Id.).

The facts giving rise to Plaintiff's cause of action arise from a criminal investigation into alleged sexual abuse of Plaintiff's minor niece. Plaintiff, Steven Corbin, lived with his brother and sister-in-law, Jhon Wayne and Stacy Brown, in Middletown, Ohio. (Doc. 1, Plaintiff's Complaint at ¶1). Plaintiff alleges that his brother and sister-in-law made false accusations which led to wrongful charges of sexual abuse to a minor child. (Id. at ¶¶1, 10). The Browns are the parents of the minor child involved. (Id. at ¶¶ 5,6). Plaintiff alleges that Defendants Jones and Shuemake, "while acting in their professional capacity" as detectives and parties to the

---

[1] To verify a complaint, Plaintiff must swear or affirm that the facts in the complaint are true "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. The allegations contained in a verified complaint 'have the same force and effect as an affidavit" for purposes of responding to a motion for summary judgment." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

investigation, caused the wrongful charges to be filed against Plaintiff. (Id. at ¶¶ 2, 7, 8). Following the Browns' complaint to the Middletown Police Department, the department "promptly began an investigation of the facts, including questioning of Plaintiff." (Id. at ¶11). Plaintiff also asserts that he was ""charged with Sexual abuse of the minor child and arrested for those charges accordingly, despite no evidence which supported those false allegations." (Id. at ¶ 12). Defendants point out that a grand jury did not indict Plaintiff for a sex offense in the underlying criminal investigation. (Doc. 25, Ex. A, Affidavit of Detective Janice Jones at ¶ 14).

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a

*prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A section 1983 claim requires a constitutional violation. *Gorcaj v. Medulla*, 51 Fed.Appx. 158, 159,(6th Cir. 2002)(citing *Frantz v. Village of Bradford*, 245 F.3d 869, 873 (6th Cir.2001)). "Thus, a §1983 claim based on theories of false arrest, false imprisonment, and malicious prosecution stands on the Fourth Amendment and turns on the question of probable cause." *Id.* False arrest and false imprisonment claims are functionally the same and the Court should apply the same analysis to both claims. *See Gumble v. Waterford Township*, 171 Fed. Appx. 502, 507 (6th Cir. 2006) (quoting *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985) ( "[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff.")); *Gorcaj*, 51 Fed. Appx. at 159("[A] section 1983 claim based on theories of false arrest, false imprisonment, and malicious prosecution stands on the Fourth Amendment and turns on the question of probable cause."). In other words, Plaintiff's claims of false arrest and false imprisonment in the instant case will turn on whether there was probable cause to arrest Plaintiff.

"[I]t is well established that any arrest without probable cause violates the Fourth Amendment." *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir.2003). For probable cause to arrest to exist, the "facts and circumstances within the officer's knowledge [must be] sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." *Id.* (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979)); *see Hinchman v. Moore*, 312 F.3d 198, 204 (6th Cir.2002) (citing *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir.1988)). Whether there exists a probability of criminal activity is assessed under a reasonableness standard based on " 'an examination of all facts and circumstances within an officer's knowledge at the time of an arrest.' " *Crockett*, 316 F.3d at 580 (quoting *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir.1999)). The existence of probable cause is a jury question, unless there is only one reasonable determination that is possible. *Id.* at 581; *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir.2000).

Plaintiff's Verified Complaint states that he was "charged with Sexual abuse of the minor child and arrested for those charges accordingly...." (Doc. 1, at ¶12). However, Plaintiff was never indicted for Sexual abuse. Defendants interviewed Plaintiff on three separate occasions. Because Plaintiff does not specify which interview he alleges to be the basis for his claims, we shall address all interviews.

The first interview of Plaintiff occurred on June 1, 2008, the day Defendants received the Browns' complaint. (*See* Doc. 25, Ex. A, Police Report). Defendant Jones received a report wherein the victim advised that the Plaintiff "had been touching her private area." (Id.). Urgent

3

Care and Children's Hospital in Dayton examined the victim before police became involved. (Id.). Following Defendant Jones' interview of the victim and her mother, another officer brought Plaintiff to the police department where he was interviewed by Detective Jones and Detective Shuemake. (Id.). Plaintiff was not arrested at this time and was free to leave. (*See* Jones Affidavit, ¶ 7). Plaintiff's rights waiver card indicates he was interviewed at 7:47 p.m. on June 1, 2008. (*See* Jones Affidavit, Rights Waiver card, attached ). Once the interview concluded, Defendants instructed Plaintiff that he was "not to go near 215 Garfield Street," and Plaintiff left the police department. (*See* Jones Affidavit, Police Report). Plaintiff stated that he would comply. (Id.). Plaintiff was never indicted with a sex offense arising out of Defendant Jones' investigation. (*See* Jones Affidavit, ¶ 14).

Plaintiff was interviewed a second time later on the same day. Within thirty minutes of Plaintiff's departure from the police station, Middletown police were notified that Plaintiff was causing a disturbance at the minor's house. (*See* Jones Affidavit, Police Report). During his second interview with Defendants, Plaintiff was under arrest because he was found outside the minor's home after having been specifically instructed to stay away from the residence. (*See* Jones Affidavit, ¶ 11). During this second interview with Plaintiff, he admitted that he should not have gone back to his brother's home on Garfield Street. Plaintiff also admitted to the elements of intimidation of a witness. Plaintiff was then booked by Defendant Jones in the Middletown City jail that evening on charges of intimidation of a witness. (Id. at ¶ 11). Plaintiff offers no evidence to rebut these facts.

Plaintiff was interviewed a third time on June 10, 2008, this time at his request. During this interview, Plaintiff admitted that he intimidated the minor and her parents and "deserved to be arrested for it." (*See* Jones Affidavit, ¶ 12, Police Report, attached). Plaintiff entered a guilty plea to a fourth-degree felony attempted intimidation charge and was sentenced accordingly on September 16, 2008. (*See* Jones Affidavit, ¶ 15). Once again, Plaintiff offers no evidence rebutting such.

The facts clearly indicate that Plaintiff was neither detained nor arrested during his first interview with Defendants. Moreover, the facts indicate that probable cause existed to arrest and detain Plaintiff at the time of the second interview as Plaintiff violated a police directive and admitted to intimidation of a witness. (*See* Doc. 25, Jones Affidavit, Police Report, attached). Contrary to Plaintiff's assertions that he was unlawfully charged with Sexual Abuse of a minor child, at no time was he arrested, detained or indicted on such charges. His detention, arrest and subsequent conviction pertained solely to intimidation of a witness, a charge to which Plaintiff pleaded guilty and for which he was sentenced on September 16, 2008. (Jones Affidavit at ¶¶ 7, 8, 11, 13, 14, 15).

Defendants argue in the alternative that they are entitled to qualified immunity as they did not violate Plaintiff's constitutional rights. We agree. Government officials performing

discretionary functions[2] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity insulates government officials from individual liability for money damages. *See, e.g., Cagle v. Gilley*, 957 F.2d 1347, 1350 (6th Cir. 1992).

Recently, the Supreme Court ruled that federal courts were no longer bound to follow the "inflexible requirement" set out in *Saucier v. Katz*, 533 U.S. 194 (2001). *Pearson v. Callahan*, -- -- U.S. ---- at ----, 129 S.Ct. 808, 813(Jan. 21, 2009). *Saucier* outlined a two-step analysis for qualified immunity: first, whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and second, whether that right was clearly established. *Saucier*, 533 U.S. at 201. After evaluating the "considerable body of new experience ... regarding the consequences of requiring adherence to this inflexible procedure," the Supreme Court concluded that while the sequence may often be appropriate, "it should no longer be regarded as mandatory." *Pearson*, 129 S.Ct. at 817. "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818.

In light of our finding above that no constitutional right was violated, we find that Defendants are entitled to qualified immunity. As stated previously, Plaintiff was neither detained nor arrested at the time of his first interview. (*See* Doc. 25, Jones Affidavit, Waiver of Rights Card, attached). Moreover, probable cause existed to arrest Plaintiff at the time of the second interview as he violated police directives to stay away from the alleged victim's residence as well as admitted to the elements of witness intimidation. (*See* Doc. 25, Jones Affidavit, at ¶ 11, 13; Police Report, attached). Accordingly, Defendants are entitled to qualified immunity Plaintiff's claims against them under 42 U.S.C. § 1983 should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT

1) Defendants Janice Jones' and Fred Shuemake's Motion for Summary Judgment (Doc. 26) be GRANTED.

2) Plaintiff's Motion for Summary Judgment (Doc . 23) be DENIED.

---

[2] "Discretionary functions," as used in evaluating claims of qualified immunity, involve "significant decision-making that entails personal deliberation, decision and judgment." *Davis v. Holly*, 835 F.2d 1175, 1178 (6th Cir. 1987). By contrast, "ministerial functions," for which there is no immunity, involve "the execution or implementation of a decision and entail only minor decision-making." *Id.*

3) Plaintiff's Complaint be DISMISSED and this case BE TERMINATED upon the Court's docket.

3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/29/10

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\prisoner1983\Corbin.msj.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Steven Corbin #618-654<br>London Corr. Inst.<br>PO Box 69<br>London, OH 43140 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8389 8152 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:08cv781  Doc. 33