```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

STEVEN CORBIN,                    :
                                  :
         Plaintiff,               :    NO. 1:08-CV-00781
                                  :
    v.                            :
                                  :    **OPINION AND ORDER**
JHON WAYNE BROWN, et al.,         :
                                  :
         Defendants.              :

This matter is before the Court on the Magistrate Judge's March 29, 2010 Report and Recommendation (doc. 33), Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (doc. 35), and Defendants' Memorandum in Opposition to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (doc. 36). For the reasons indicated herein, this Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 19) and GRANTS Defendants' Motion for Summary Judgment (doc. 26).

**I.  Background**

At issue before the Court is the Magistrate Judge's recommendation that the Court dismiss Plaintiff's only surviving claims in this matter, for false arrest and false imprisonment, against Defendant Detectives Jones and Shuemake of the Middletown, Ohio Police Department (doc. 33). According to Plaintiff's Verified Complaint, on June 1, 2008, his brother and sister-in-law made false accusations that he was sexually abusing their child, his minor niece (Id.). Defendants "while acting in their professional

capacity" as detectives and parties to the investigation, allegedly caused wrongful charges to be filed against Plaintiff based on such accusations (Id.).

The Magistrate Judge reviewed the facts in this case, which show that following the parents' Complaint, Defendants questioned Plaintiff at the police department regarding the allegations but did not arrest nor detain Plaintiff (doc. 36). Defendants instructed Plaintiff to stay away from the minor victim and her home (Id.). Despite such instruction, Plaintiff returned to the residence where he created a disturbance that resulted in his arrest (Id.). Upon questioning, Plaintiff admitted he should not have gone to the home and he further admitted the elements of intimidation of a witness (Id.).

At a third interview on June 10, 2008, which Plaintiff requested, he admitted he intimidated the minor and her parents and that he "deserved to be arrested for it" (Id.). Plaintiff entered a guilty plea to a fourth-degree felony attempted intimidation charge (Id.).

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge found that Plaintiff was neither detained nor arrested for the sexual abuse allegation that was levied against him (Id.). Moreover, the Magistrate Judge found the facts show that probable cause existed to arrest and detain Plaintiff as he violated a police directive and admitted to

2

intimidation of a witness (Id.). Under these circumstances, the Magistrate Judge determined that a section 1983 claim could not be sustained as a constitutional violation did not occur and Defendants are therefore entitled to qualified immunity (Id.). In light of this finding, the Magistrate Judge concluded there is no genuine issue as to any material fact and as such the Defendants are entitled to summary judgment as a matter of law (Id.).

**III.     Plaintiff's Objections**

Plaintiff argues in his objection that Magistrate Judge erred in his consideration of the facts surrounding Plaintiff's conviction on attempted intimidation of a witness (doc. 35). Plaintiff asserts that Defendants failed to properly charge Plaintiff and that they coerced testimony from the Plaintiff in violation of due process under the Fourteenth Amendment (Id.). Plaintiff claims that he only admitted to the charge of intimidating a witness because he was led to believe he was helping his case by admitting to unfounded charges (Id.). Further, Plaintiff argues that Defendants had no reason to arrest him because he did not violate the law as there was no court order barring him from returning to the minor victim's house but rather only a suggestion from an officer (Id.).

**IV.     Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-

3

reasoned, and correct. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 33), and denies Plaintiff's Objections (doc. 35).

Under Rule 56, Plaintiff "may not rest upon the mere allegations or denials of the adverse party's pleading," but "by affidavits or otherwise. . . must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Plaintiff's objection merely reiterates unsupported allegations he previously raised in opposition to Defendants' motion for summary judgment.

The Court does not find that the Magistrate Judge erred in determining that Defendants demonstrated they had probable cause to arrest Plaintiff and were entitled to qualified immunity (doc 36). The Court agrees with the Defendants' arguments that their encounters with Plaintiff were lawful because he was a suspect in alleged crimes (Id.). Further, the Plaintiff does not present any evidence of coercion or intimidation (Id.). Based on the record, it is undisputed that Plaintiff was neither arrested nor detained for the initial allegations of sexual assault against the minor victim (doc. 33).

Regarding the charge of intimidation, the Sixth Circuit determined that an arrest or detention based on probable cause is lawful and "thereby, serves to defeat a false arrest/imprisonment claim" (doc. 36 citing Radvansky v. City of Olmstead Falls, 905 F.3d

291, 315 (6th Cir. 2005)). The Sixth Circuit defines probable cause as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990). In the instant case, it is evident that Defendants had probable cause to arrest Plaintiff given that the police received a call that Plaintiff was causing a disturbance, and Plaintiff admitted the elements of intimidation of a witness (doc. 36).

The Court finds well-taken Defendants' argument that they are entitled to qualified immunity. "Qualified immunity protects government officials against suit for the performance of discretionary functions so long as the conduct in question 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Levin v. Childers, II, 101 F.3d 44, 46 (6th Cir. 1996) citing Veney v. Hogan, 70 F.3d 917, 920 (6th Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800,(1982)). Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The focus of the inquiry is "whether the officer had fair notice that her conduct was unlawful" and the concept of reasonableness "is judged against the backdrop of the law

at the time of the conduct." Brosseau v. Haugen, 543 U.S. 194, 198 (2004).

The Sixth Circuit utilizes a three-part test to analyze claims of qualified immunity: whether the facts, viewed in the light most favorable to the plaintiff, demonstrate that a constitutional or statutory violation has occurred; whether the violation concerned a clearly established right of which a reasonable person would have known; whether the plaintiff has offered sufficient evidence to indicate that the alleged act was objectively unreasonable in light of the clearly established constitutional or statutory right. Feathers v. Aey, 319 F.3d 843, 848 (6th Cir. 2003).

The Court first must address whether Plaintiff has alleged facts which, when viewed in the light most favorable to him, demonstrate the Officers' conduct violated his constitutional rights. As indicated above, the viability of Plaintiff's claims relies on whether the Officers had probable cause to arrest him. The Court has already found that the Defendants had probable cause. As such, the facts do not show that a constitutional violation has occurred.

However, even if the Court has erred in such determination, the Court is confident that a reasonable officer would not necessarily have understood that arresting Plaintiff would amount to a constitutional violation, and Plaintiff has failed to offer evidence showing that his arrest was objectively unreasonable.

"Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." Id. citing Saucier v. Katz, 533 U.S. 194, 206 (2001).  Here, the Defendants were reasonable in arresting Plaintiff as evidenced by the fact that Plaintiff violated a police directive, and as evidenced by his own later admission that he "deserved to be arrested for it" (doc. 33).

**V. Conclusion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-founded, and correct (doc. 33).  Accordingly, the Court hereby ADOPTS and AFFIRMS the Magistrate Judge's recommended decision (Id.), DENIES Plaintiff's Motion for Summary Judgment (doc. 23), and GRANTS Defendants' Motion for Summary Judgment as to the claims against both Defendant Jones and Defendant Shuemake (doc. 26), and TERMINATES this case from the Court's docket.  The Court further

CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).

    SO ORDERED.

Date August 31, 2010          <u>/s/ S. Arthur Spiegel</u>

                                      S. Arthur Spiegel

                                      United States Senior District Judge